## WOODS et al. v. BOARD OF DIRECTORS of UNION GRADED SCHOOL DISTRICT NO. 36, STEPHENS COUNTY et al.

No. 18443. Opinion Filed Oct. 30, 1928.

Womack, Brown & Cund, for plaintiffs in error.

Sandlin & Winans and Sullivan & Rice, for defendants in error.

MASON, V. C. J. Union graded school district No. 36 of Stephens county voted bonds in the sum of $8,000 to secure a site, construct and equip a schoolhouse. Thereafter, the school board employed an architect, who prepared plans and specifications and notice to bidders, which was duly advertised. Upon opening the bids on the day specified in the notice, the bid of Lee Wade, in the amount of $7,000, was found to be the lowest bid and the board entered into a contract with him to construct said building. J. N. Woods and the others who appear as plaintiffs in error herein, who resided in said school district, then commenced this action to enjoin said board and Wade from proceeding further under said contract. Upon trial of the case, defendants' demurrer to the plaintiffs' evidence was sustained and judgment rendered against the plaintiffs and in favor of the defendants, from which the former appeal.

Plaintiffs in error contend that the trial court erred in sustaining defendants' demurrer to plaintiffs' evidence and insist that the action of the district school board in letting the contract for the erection of the school building was illegal (1) because a site upon which to erect said building had not been selected by the voters at the time the contract was let; (2) because the plans and specifications of said school building had not been approved by the voters of said district at the time the contract was let; (3) because the plans and specifications were so indefinite and uncertain as to discourage other persons from submitting bids; (4) because the school board was not authorized to make a contract for a school building costing $7,000 when only $8,000 had been provided for the purpose of securing a site and erecting and equipping the building.

In support of the first contention, counsel cite section 10491, art. 12, C. O. S. 1921, which provides:

"Location of Schoolhouse Site. No part of the statutes of Oklahoma shall be construed so as to prevent the location of a site for a schoolhouse in union graded school districts by a majority of electors in said union graded school districts."

It will be observed, however, that there is no provision that such selection shall be made at any particular time, or that it shall be made before a contract for a building is entered into. It appears that the school board had contracted for a site, but after the dissatisfaction developed which culminated in this lawsuit, the transaction was not closed. It also appears that subsequent to entering into said contract, a meeting of the citizens and electors of said district was held wherein said contract, site, and plans and specifications were approved and adopted by a majority of those present. If the voters had the authority, as they certainly did have, to designate the site and approve the plans and specifications, they had the power to ratify and adopt the prior action of the board in this respect.

Some complaint is made because the board, in submitting said location for the approval of the voters of the district, refused to submit a site proposed by the plaintiff Woods. This, no doubt, discloses the motive back of this lawsuit, and, while the board might have prevented friction and dissatisfaction by submitting such location, yet the fact remains that the other location was adopted by a majority of those present. If a majority had been more favorable to the site suggested by the plaintiff, it would have been a very simple matter to have refused to adopt the site selected by the board.

The third contention is based upon the testimony of one witness who testified that he was a contractor and refused to submit a bid for the construction of said building for the reason that the plans and specifications were indefinite and uncertain. This contention appears to be founded upon a provision in the plans and specifications that the architect should be the arbiter of whether the work was done correctly and in accordance with the plans and specifications. The witness appeared to be of the opinion that this provision would authorize the architect to make such changes as to make the work unprofitable to the contractor. We see no merit in this contention. This provision is one usually found in contracts of this nature, and such contractor would have his legal remedies to protect him from improper action on the part of the architect, regardless of such provision.

The contention that the plans and specifications were changed after the bids were opened is also without merit. The evidence discloses that alternate bids were submitted providing for different kinds of ma-

terials. This method was provided for by the forms of bid prepared by the architect. One bid of the defendant Wade was in excess of the amount of money raised by the sale of bonds, and the other bid for $7,000 was adopted.

The last contention is based upon the fact that only $1,000 of the bond issue remained for the purpose of securing a site and equipping the building. No evidence was offered to show the amount necessary to secure a school site. Evidence was offered that the board had entered into a contract to secure a site, and it would have been a very easy matter to have proven and established the consideration. In addition to this, it is a matter of common knowledge that the site for rural schoolhouses is very often donated to the school district, and this may have been true in this case. Neither is there any evidence which shows that the school district did not have furniture and equipment on hand to be used in said schoolhouse, nor is there any evidence that the $1,000 would not be sufficient to purchase such equipment.

We cannot say from the record that the money contracted for the construction of the building was disproportionate to the amount of money on hand, nor can we say that the balance would not be sufficient to secure a site and equipment for said building.

From an examination of the entire record herein. we are of the opinion that the plaintiffs' evidence wholly failed to show that they were entitled to injunctive relief as prayed for.

The judgment of the trial court is. therefore, affirmed.

BRANSON, C. J.. and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.